#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUAN VIANEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-CV-127-GKF-FHM |
| ) | |
| BUREAU OF PRISONS (sued as Oklahoma ) | |
| (F.D.C.) and Oklahoma V.S.P./E.D.C.), ) | |
| ) | |
| Defendant. ) | |

#### OPINION AND ORDER

On March 1, 2013, Plaintiff Juan Vianez, a federal prisoner appearing *pro se*, filed a document entitled "write [sic] of deceit nullum tempus act" (Dkt. # 1) and a motion to proceed *in forma pauperis* (Dkt. # 2). As part of the caption of the "writ," Plaintiff wrote "$200,000.00." See Dkt. # 1. Based on Plaintiff's request for money damages, the Clerk of Court opened this civil action. For the reasons discussed below, this action shall be dismissed without prejudice to refiling in the proper judicial district.

**A. Challenge to validity of conviction**

Plaintiff's "writ" provides little factual support for any claim supporting his request for $200,000.00. However, he states that he "is not guilty of the crime that he is in prison for." See Dkt. # 1. To the extent Plaintiff seeks to bring a direct challenge to the validity of his conviction, he has filed this case in the wrong court. While a prisoner is in federal custody, 28 U.S.C. § 2255 provides the exclusive post-conviction means for challenging his conviction and sentence. Brace v. United States, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). Furthermore, a § 2255 motion must be filed in the district that imposed the sentence. Id. (citations omitted). In this case, Plaintiff is in federal custody. Therefore, § 2255

clearly provides the remedy for any collateral challenge to his conviction or sentence. However, Plaintiff was not sentenced in this district court. Because any challenge to the validity of his conviction and sentence must be filed in the district that imposed Plaintiff's sentence, Plaintiff's challenge to his conviction based on a claim of innocence shall be dismissed without prejudice to being refiled in the district court that imposed his sentence.

**B.    Request for damages based on allegedly unlawful conviction, challenge to transfer from Oklahoma prison to Colorado prison without consent, and entry into cell with a video recorder**

In addition to requesting money damages for an allegedly unlawful conviction, Plaintiff also claims that he "was taken from Oklahoma to Colorado without his consent" and that "several c/o's entered Mr. Vianez's cell with a video recorder and didn't say a word and left." See Dkt. # 1. To the extent Plaintiff alleges that prison officials transferred him from Oklahoma to Colorado or entered his cell with a video recorder in violation of his civil rights, or that he is entitled to money damages based on a wrongful conviction,[1] this Court lacks authority to consider the claims based on improper venue. The applicable venue statute for a civil action provides as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b). Plaintiff is a federal prisoner, presently in custody at ADX Florence, Florence, Colorado, located in the territorial jurisdiction of the United States District Court for the District of

---

[1] Plaintiff may not proceed on a civil rights claim that would necessarily imply the invalidity of his conviction unless he can demonstrate that the conviction has been invalidated or set aside. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Colorado. See 28 U.S.C. § 85. As stated above, Plaintiff was not convicted in this federal district court. He complains of actions taken against him by federal prison officials. See Dkt. # 1. However, no federal prison is located in the territorial jurisdiction of this Court. Instead, the federal prison facilities in Oklahoma are located within the territorial jurisdiction of the United States District Court for the Western District of Oklahoma. 28 U.S.C. § 116(c). Thus, it is clear that venue is not proper in this judicial district and, for that reason, Plaintiff's civil claims for money damages arising from an allegedly unlawful conviction and actions taken against him by federal prison officials in violation of his civil rights shall be dismissed without prejudice to being refiled in the proper venue. 28 U.S.C. § 1406(a).

**ACCORDINGLY, IT IS HEREBY ORDERED that** this action is **dismissed without prejudice** for improper venue. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **declared moot**.

DATED THIS 5th day of March, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT